<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RANDY LEWIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 15-1587 (ES)

OPINION

**SALAS, DISTRICT JUDGE**

### I. INTRODUCTION

Before the Court is an appeal filed by Plaintiff Randy Lewis seeking review of an Administrative Law Judge's ("ALJ") decision denying his application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II and Title XVI of the Social Security Act. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth herein, the Court AFFIRMS the ALJ's decision.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2011, Plaintiff filed a claim for DIB and SSI alleging disability beginning on August 15, 2009. (D.E. No. 15, Administrative Record ("Tr.") at 41-42). The claim was initially denied on March 16, 2012. (*Id.* at 67). On May 4, 2012, Plaintiff filed a request for

a hearing before an ALJ. (*Id.* at 73). Pending this request, his claims were denied upon reconsideration on December 14, 2012. (*Id.* at 41-42).

Plaintiff's hearing was conducted via videoconferencing on April 2, 2013. (*Id.* at 29-40). The ALJ denied Plaintiff's claims on June 6, 2013. (*Id.* at 7-28). Plaintiff requested Appeals Council review, which was denied on September 24, 2014. (*Id.* at 1-4). Plaintiff subsequently filed a timely appeal of the Appeals Council's decision pursuant to 42 U.S.C. § 405(g) on November 21, 2014. (D.E. No. 1).

After filing this action, Plaintiff relocated from Louisiana to New Jersey. (D.E. Nos. 7, 8). Plaintiff filed a moving brief on June 10, 2015. (D.E. No. 18, Plaintiff's Brief in Support of Remand ("Pl. Mov. Br.")). Defendant filed a brief in opposition on June 27, 2015. (D.E. No. 19, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")). The case is ripe for determination.

### III. LEGAL STANDARD

#### A. Standard for Awarding Benefits

To receive DIB or SSI under Titles II and XVI, a plaintiff must show that he is disabled within the definition of the Act. *See* 42 U.S.C. §§ 423, 1382. In applying for DIB, claimants must also satisfy the insured status requirements enumerated in 42 U.S.C. § 423(c). Those who seek SSI must fall within the income and resource limits set forth in 42 U.S.C. §§ 1382a and 1382b.

Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(a), 1382c(a)(3)(B).

The Social Security Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 416.920. If the determination at a particular step is dispositive of whether the plaintiff is or is not disabled, the inquiry ends. 20 C.F.R. § 416.920(a)(4). The burden rests on the plaintiff to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At step five, the burden shifts to the government. *Id.*

At step one, the plaintiff must demonstrate that he is not engaging in any substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. §§ 416.972(a), (b). If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of his impairment or other factors such as age, education, and work experience. 20 C.F.R. § 416.920(b). If the plaintiff demonstrates that he is not engaging in substantial gainful activity, the analysis proceeds to the second step.

At step two, the plaintiff must demonstrate that his medically determinable impairment or the combination of his impairments is "severe." 20 C.F.R. § 416.920(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

At step three, the ALJ must assess the medical evidence and determine whether the plaintiff's impairments meet or equal an impairment listed in the Social Security Regulations'

"Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.920(a)(4)(iii). The ALJ must "fully develop the record and explain his findings at step three." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four in which the ALJ determines whether the plaintiff has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the plaintiff lacks the RFC to perform any work he has done in the past, the analysis proceeds.

In the final step, the burden shifts to the Commissioner to show that there are a significant number of jobs in the national economy that the plaintiff can perform based on his RFC and vocational factors. 20 C.F.R. § 416.920(a)(4)(v).

**B. Standard of Review**

A District Court will review whether the Commissioner's final decision is supported by substantial evidence.[1] 42 U.S.C. §§ 405(g) and 1383(c)(3); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such

---

[1] The ALJ issued his decision pursuant to Fifth Circuit authority, and thus, Plaintiff has cited Fifth Circuit precedent. (Pl. Mov. Br. at 5 n.1). Plaintiff properly notes that the "requirements set forth in the regulations clearly apply regardless of locale, and much of the precedent in the Fifth Circuit is consistent with that of the Third Circuit." (*Id.*). Defendant's brief in opposition does not raise the issue and utilizes precedent from both Circuits. (Def. Opp. Br. at 2, 5 (citing the Fifth Circuit); 7, 9 (citing the Third Circuit)). The Court has determined that applying one Circuit's precedent over the other would not change the standard of review regarding whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Thus, this Court will apply Third Circuit precedent.

error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3rd Cir. 1992).

## IV. THE ALJ'S DECISION

ALJ Michael M. Wahlder found Plaintiff not disabled under the Social Security Act. (Tr. at 24). He arrived at this conclusion after conducting the five-step evaluation process required by 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). (*Id.* at 14-24).

At the first step, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012, and that Plaintiff had not engaged in any substantial gainful activity since the alleged onset date of disability. (Tr. at 14). At step two, the ALJ determined Plaintiff's left hip arthritis was a severe impairment, but that his "alleged mental, reflux, and HIV impairments are not severe under the Act." (*Id.* at 17).

At the third step, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*).

At step four, the ALJ assessed Plaintiff's RFC and determined that he had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b)." (*Id.* at 17-18). The ALJ was "willing to extend the claimant a benefit of the doubt," acknowledging that Plaintiff's hip arthritis could reasonably be expected to cause pain and limit his mobility. (*Id.* at 19). However, the ALJ noted that an RFC for sedentary work does encompass a "'significantly

restricted range of work' reflective of 'serious functional limitations.'" (*Id.*). He also highlighted that Plaintiff's "daily activities . . . suggest no significant reduction in functioning due to pain." (*Id.* at 20). Based on this RFC assessment, the ALJ found that Plaintiff was unable to perform past relevant work. (*Id.* at 22).

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 23). Given these factors, the ALJ determined that Medical-Vocational Rule 201.25 directed a finding of "not disabled." (*Id.*).

## V. DISCUSSION

On appeal, Plaintiff argues that ALJ Wahlder's decision contains legal error and is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ: (1) erroneously determined that Drs. Gabriella Pichardo-Lafontaine and L. Potter were not "treating sources," and thus failed to properly consider them pursuant to the regulations, (Pl. Mov. Br. at 13); (2) failed to explain the exclusion of medical expert assessments in his RFC finding, (*id.* at 18); and (3) did not analyze Plaintiff's pain and symptoms pursuant to the regulations and Agency policy, (*id.* at 21). The Court addresses each of Plaintiff's arguments below.

### A. The ALJ's Treatment of the Medical Source Statements From Drs. Pichardo-Lafontaine and Potter

Plaintiff did not have insurance during his alleged state of disability. (*Id.* at 14). Accordingly, Plaintiff sought treatment at a free medical clinic since December 2007. (*Id.*). Drs. Pichardo-Lafontaine and Potter were physicians at the free clinic who conducted medical source statements for Plaintiff. (*Id.* at 15-16). Plaintiff argues that the ALJ erroneously determined that Drs. Pichardo-Lafontaine and Potter were not "treating sources." (*Id.* at 13). Plaintiff contends that, as a result of this flawed classification, the ALJ did not evaluate their opinions consistent with

6

20 C.F.R. § 404.1527. (*Id.* at 16). Importantly, however, Plaintiff concedes that the ALJ did not err in failing to give the opinions controlling weight. (*Id.* at 17).

Under the regulations, a treating source "means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. §§ 404.1502, 416.902. "[A] treating physician's report must be accorded great weight, especially when their [sic] opinion 'reflects expert judgment based upon continuing observation of the patient's condition over a prolonged period of time.'" *Allen v. Bowen*, 881 F.2d 37, 41 (3d Cir. 1989) (quoting *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir.1987)).

Plaintiff asserts that the ALJ improperly discredited the opinions of Drs. Pichardo-Lafontaine and Potter. In particular, Plaintiff states that "[t]he ALJ's logic . . . would mean that indigent claimants being seen at free clinics could rarely (if ever) be the beneficiaries of the Agency's 'treating source rule,' even in a case (such as this) where the claimant has regularly been seen by providers at that facility *for years*." (Pl. Mov. Br. at 18).

Specifically, Plaintiff argues that the ALJ's failure to classify Drs. Pichardo-Lafontaine and Potter as treating sources precipitated a failure to properly analyze their opinions pursuant to 20 C.F.R. § 404.1527(c). Plaintiff cites to the Fifth Circuit's decision in, *Newton v. Apfel*, stating that "an ALJ **must consider** [the § 404.1527 factors] to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to 'controlling weight.'" (Pl. Mov. Br. at 17 (emphasis in brief) (citing *Newton v. Apfel*, 209 F.3d 448, 456 (2000))). These factors include,

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,

>(4) the support of the physician's opinion afforded by the medical evidence of record,
>(5) the consistency of the opinion with the record as a whole; and
>(6) the specialization of the treating physician.

*Newton*, 209 F.3d at 456.

Here, the Court concludes that the ALJ properly found that Drs. Pichardo-Lafontaine and Potter were not treating sources. Nothing in the record indicates that Drs. Pichardo-Lafontaine and Potter had an "ongoing treatment relationship" with Plaintiff. *See* 20 C.F.R. §§ 404.1502, 416.902. There is nothing to suggest that they saw Plaintiff for any other reason than to complete the medical source statements. In particular, the ALJ discredited the opinions given that "there is no sufficiently longitudinal evidence of treatment by them." (*Id.* at 21). Moreover, the ALJ properly cited his authority to discount a "checkbox form" completed by a physician if it is inconsistent with other substantial evidence in the record. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (concluding that "checkbox forms" are "weak evidence at best" in determining whether the claimant is disabled).

In the event that the ALJ committed error by failing to designate Drs. Pichardo-Lafontaine and Potter as treating sources, that error was harmless. Indeed, the ALJ also discredited the reports because they were inconsistent with the medical evidence in the record. (*Id.*). Both doctors opined that Plaintiff's pain would interfere with his ability to maintain concentration, persistence, and pace over a two-hour period of time, and that his pain would cause him to take breaks. (*Id.*). However, the ALJ found that, while Plaintiff may be limited in his mobility given his arthritis, his pain does not result in a disability. (*Id.* at 19). In particular, Plaintiff's medication is "not designed for relief of severe pain" and he "has none of the stigmata frequently observed in a patient claiming unremitting pain unresponsive to therapeutic measure." (*Id.* at 19-20). Moreover, none of the doctors who examined Plaintiff reported signs of "drawn features, expression of suffering,

8

significant weight loss, poor nutrition, muscular atrophy, and poor overall health." (*Id.* at 20). Furthermore, Plaintiff indicated that he walks around outside every day, shops for groceries, cleans and does laundry, (*id.* at 179-180), engages in recreational activities such as fishing, and performs lawn work, (*id.* at 34). Accordingly, the Court concludes that substantial evidence supports the ALJ's decision to discredit Drs. Pichardo-Lafontaine's and Potter's opinions.

### B. The ALJ's Assessment of the Agency Expert Opinions

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. Namely, Plaintiff contends that the ALJ did not explain the exclusion of uncontroverted limitations assessed by medical experts in regards to the RFC assessment. (Pl. Mov. Br. at 18). In particular, Plaintiff asserts that the ALJ failed to specify the weight assigned to certain opinions pursuant to 20 CFR § 404.1527 factors. (*Id.*). According to Plaintiff, the agency experts' medical opinions contain additional limitations that were not included in the ALJ's RFC assessment. (*Id.* at 19).

On appeal of an ALJ's decision, the reviewing court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Here, the Court concludes that the ALJ provided a sufficient "expression of the evidence" of the sources he credits to permit meaningful judicial review.

Pertaining to agency consultative examiner Dr. David Greenway's opinion, the ALJ discussed the evidence that supported his disability determination. (Tr. at 15). Indeed, Dr. Greenway opined that Plaintiff's complaints of depressive symptoms did not meet clinical significance, that his mental status was normal, that Plaintiff could carry out simple instructions, and finally, that he should be able to tolerate mild to moderate stress associated with daily work activities and demands. (*See id.* at 15, 486). Additionally, the ALJ highlighted Social Security

Ruling ("SSR") 85-15, which defines the basic mental demands of competitive, remunerative, unskilled work. According to SSR 85-15, those mental demands include the ability to "understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situation; and to deal with changes in a routine work setting." When considering Dr. Greenway's findings against SSR 85-15, the ALJ concluded "that the claimant is not precluded from work activity due to a severe mental impairment." (*Id.*). This discussion was a sufficient expression of the ALJ's intention to utilize Dr. Greenway's opinion in support of his disability determination.

With respect to Dr. Erin Bardin's opinion, the Court concludes that the ALJ gave a succinct expression of the evidence he credited. Dr. Bardin indicated that Plaintiff had "slight joint space narrowing of the hip," as discussed by the ALJ. (*Id.* at 19, 479). However, Dr. Bardin concluded that she did "not have sufficient objective evidence that [Plaintiff] has a functional limitation." (*Id.* at 479). Nevertheless, the ALJ was "willing to extend the claimant a benefit of the doubt and limit his mobility reflective of his hip arthritis," in light of Dr. Bardin report. (*Id.* at 19). Thus, the ALJ gave a clear expression of the evidence he utilized in support of his decision. As a result of this limited mobility, the ALJ limited Plaintiff to a sedentary exertion RFC. (*Id.*).

On the other hand, the ALJ also provided adequate reasons for the evidence he discounted. With respect to non-examining agency reviewer Dr. Julia Wood, the ALJ clearly indicated that he "decline[d] to give significant evidentiary weight" to her opinion. (*Id.* at 16). Indeed, Dr. Wood opined that Plaintiff's mental impairments were severe, (*id.* at 58), but ultimately concluded that Plaintiff's limitations were not severe. (*Id.* at 59). Given this inconsistency, in addition to the inconsistency with the weight of the evidence, the ALJ decided to reject Dr. Wood's opinion. (*Id.* at 16). The ALJ correctly remarked his ability to "reject the opinion of any physician when the

evidence supports a contrary conclusion." (*Id.* (citing SSR 96-2p)). As such, the Court concludes that the ALJ properly expressed his reasons for rejecting Dr. Wood's opinion.

Finally, Plaintiff contends that the ALJ failed to discuss state agency physician Dr. Charles Lee's opinion at all. (Pl. Mov. Br. at 20). To the extent that the ALJ erred by failing to discuss Dr. Lee's opinion, the Court concludes that this error was harmless. When alleging that an ALJ committed an error in his analysis, "the party that 'seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.'" *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (quoting *Palmer v. Hoffman*, 318 U.S. 109, 116 (1943)). Plaintiff has not satisfied this burden, stating simply that the ALJ "does not mention Dr. Lee's opinion at all." (Pl. Mov. Br. at 20). Importantly, Dr. Lee determined that Plaintiff was capable of sitting for about six hours and would be able to stand or walk for about two hours in an eight-hour work-day. (Tr. at 49). This assessment is consistent with the regulatory characterization of sedentary work. *See* 20 C.F.R. § 404.1567(a); SSR 83-10; (*see also* Tr. at 19). Thus, Plaintiff was not prejudiced by the ALJ's failure to discuss Dr. Lee's opinion.

Even if the ALJ failed to properly consider these opinions, such error was harmless because substantial evidence supports the ALJ's RFC assessment. Dr. Greenway's opinion, while concluding that Plaintiff has adjustment disorder and mild depression, noted that Plaintiff's social and mental skills were adequate for employment within a routine, forty-hour workweek. (Tr. at 486). Dr. Bardin concluded that, based on her exam, there was not "sufficient objective evidence that [Plaintiff] has a functional limitation." (*Id.* at 479). Likewise, as mentioned above, Dr. Lee's assessment is consistent with an RFC for sedentary work. (*Id.* at 49); *see also* 20 C.F.R. § 404.1567(a); SSR 83-10. Indeed, Plaintiff also testified that he is able to shop, drive, clean and

11

do laundry, engage in recreational activities, and perform lawn work. (Tr. at 34, 179-80). Accordingly, the ALJ's RFC assessment was supported by substantial evidence.

### C. The ALJ's Assessment of Plaintiff's Pain and Symptoms

Plaintiff contends that the ALJ failed to properly assess the intensity, persistence, and limiting effects of Plaintiff's pain and symptoms pursuant to 20 C.F.R. § 404.1529 and SSR 96-7p. (Pl. Mov. Br. at 21). Assessing a claimant's symptoms involves a two-step process. First, the ALJ must determine whether there is a "medically determinable impairment that could reasonably be expected to produce [a claimant's] symptoms." 20 C.F.R. § 404.1529(b). Second, the ALJ must evaluate the "the intensity and persistence of . . . [the] symptoms, such as pain, and determin[e] the extent to which [a claimant's] symptoms limit [his] capacity for work." 20 C.F.R. § 404.1529(c). Factors to consider include:

> (i) [The claimant's] daily activities;
> (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication . . . to alleviate . . . pain or other symptoms;
> (v) Treatment, other than medication, [the claimaint has received] for relief of . . . pain or other symptoms;
> (vi) Any measures [the claimant has used] to relieve . . . pain or other symptoms . . . ; and
> (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

"Where . . . the ALJ has articulated reasons supporting a credibility determination, that determination will be entitled to great deference." *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 188-89 (3d Cir. 2007). Here, the ALJ did not dispute that the objective medical evidence demonstrated that Plaintiff's impairment was the source of his pain at step one. (Tr. at 19). Indeed, the ALJ gave Plaintiff the benefit of the doubt as to his limited mobility given the hip

arthritis. (*Id.*). However, the ALJ did not find Plaintiff's allegations of pain sufficient to warrant complete disability, and supported this credibility determination with substantial evidence. (*Id.* at 18-22).

Ultimately, the ALJ concluded that "[t]he fact that the claimant has experienced some pain from this condition does not disable him." (*Id.* at 19). The ALJ weighed Plaintiff's complaints of pain against the record and his own testimony concerning his daily activities. Specifically, the ALJ noted a lack of physician observations describing any signs of "unremitting pain" that was "unresponsive to therapeutic measures." (*Id.* at 20). In particular, the ALJ noted that since it has been several years since the alleged onset disability date, it would have been reasonable to expect that a physician observed signs of "unremitting pain." (*Id.*). This is noteworthy given that Plaintiff submitted over two-hundred pages of treatment records. The ALJ also considered Plaintiff's testimony that he could still complete daily activities such as driving, cleaning, grocery shopping, fishing, and mowing the lawn. (*Id.* at 20).

Moreover, the ALJ noted that Plaintiff takes small amounts of prescription pain medication. (*Id.* at 19). According to the ALJ, Plaintiff's pain medication, Ultram, is "not designed for the relief of *severe* pain." (*Id.*). In response, Plaintiff asserts that this classification was a misstatement, and that Ultram is used for, "[m]anagement of moderate to *moderately severe* pain in adults." (Pl. Mov. Br. at 25). The Court is not, however, persuaded by this argument. The fact that Ultram is only used to manage "*moderately severe* pain," supports the ALJ position that it is not used to manage "*severe*" pain. Indeed, there are drugs that are used to manage pain that is described solely as "*severe*," indicating that "moderately severe" and "severe" are not interchangeable.

13

Importantly, the Court notes that the ALJ did engage in a discussion of the § 404.1529 factors. Indeed, the ALJ discussed Plaintiff's daily activities, the duration of the alleged pain, and the type of medication Plaintiff takes to alleviate his pain. (Tr. at 19, 20). The fact that the ALJ did not discuss all of the § 404.1529 factors does not warrant remand, given that his credibility determination was supported by substantial evidence.

## VI. CONCLUSION

For the foregoing reasons, the Court affirms ALJ Wahlder's decision. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**